Filed 8/18/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CAVE LANDING, LLC,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA COASTAL<br>COMMISSION,<br><br>    Defendant and Respondent. | 2nd Civ. No. B322976<br>(Super. Ct. No. 21CV-0215)<br>(San Luis Obispo County) |

The County of San Luis Obispo (County) grants a permit to move an easement on a property in the coastal zone. The California Coastal Commission (the Commission) denies the permit. The Commission's authority supersedes the County.

This appeal arises under the California Coastal Act of 1976 (Coastal Act). (Pub. Res. Code,[1] § 30000 et. seq.) Property owners sought a coastal development permit to move an easement for a public hiking trail from their parcel to a contiguous parcel. The terms of the easement grant prohibited

---

[1] All further statutory references are to the Public Resources Code unless otherwise indicated.

removing the portion of existing trail from the property.  A cease and desist order from the Commission prohibited property owners from interfering with the public's use of the existing trail on their parcel.  The local government, however, granted the property owners application for a coastal development permit.  On appeal, the Commission denied the permit.  The trial court denied the property owners' petition for writ of administrative mandate challenging the Commission's action. We affirm. The Commission enforces the Coastal Act.  Its authority overrides the County.

## FACTS

Robert and Judith McCarthy's property (the McCarthy Parcel) is located on an underdeveloped knoll overlooking the ocean between Avila Beach and Pismo Beach in the County.  The Ontario Ridge Trail (Trail) is a popular hiking trail that crosses the McCarthy parcel.

### *Express Easement*

In 2009, the parcel the McCarthys eventually purchased, and a contiguous parcel, were owned by San Miguelito Partners. In that same year, the McCarthys acquired an option to purchase their parcel.  A week later San Miguelito Partners granted the County an easement (easement) across the McCarthys' future parcel allowing access to and over the Trail.  The easement grant provides in part: "The Access Easements may be relocated at Grantor's reasonable discretion and at Grantor's sole cost and expense to a location on Grantor's property that Grantor and Grantee shall reasonably agree."  The County recorded the easement on December 18, 2009.

On April 14, 2010, the McCarthys entered into an agreement with the County that their anticipated acquisition of

2

the parcel would not terminate or affect the easement. The McCarthys acquired the parcel from San Miguelito Partners on July 18, 2012. The contiguous parcel was later acquired by Palm Finance Corporation (Palm Finance) from San Miguelito Partners at a foreclosure sale.

*Cease and Desist Order*

In December 2013, the McCarthys installed footings, support structures, fences, and gates on their parcel, blocking public access to the Trail. They also posted "No Public Access" signs. The McCarthys did not obtain a coastal development permit for the project.

In July 2014, at a noticed public hearing, the Commission found that the McCarthys' unpermitted development violated the Coastal Act. The Commission issued a cease and desist order prohibiting the McCarthys from undertaking any activity that discourages or prevents the public's use of the Trail. The order stated that it remains in effect permanently unless rescinded by the Commission. The McCarthys did not challenge the cease and desist order and the time for a challenge has long since passed. The Commission has not rescinded the order.

*Coastal Development Permit*

In 2016, the McCarthys applied to the County for a coastal development permit. The County had previously granted the McCarthys a coastal development permit to construct a single family residence on their parcel in 2012. The Commission subsequently denied the permit on appeal in 2013. The trial court denied the McCarthys' petition for a writ of administrative mandate in 2022. We affirmed the trial court. (*McCarthy v. California Coastal Commission* (June 1, 2022, B309078) __Cal.App.4th__ [2022 Cal.App. Unpub. Lexis 3405].)

The McCarthys sought to move the Trail from their parcel to the contiguous parcel now owned by Palm Finance. Palm Finance was a co-applicant, consenting to move the Trail to its parcel.

The proposed new Trail on Palm Finance's parcel would be five feet wide. The fencing would be composed of four-strand wire and not more than 54 inches tall. The fencing would prevent the public from using the portion of the existing Trail that crosses the McCarthys' parcel. The top and bottom strands of the fence would be barbless. The fence would be placed a minimum of 20 feet from the Trail's edge, and seven six-inch by 12-inch "No Trespassing" signs would be affixed to the fence.

The County issued a coastal development permit for the project.

*Appeal to the Commission*

A member of the public and two commissioners appealed the County's grant of the coastal development permit to the Commission. A Commission staff report recommended that the Commission take the appeal and deny the permit.

The staff report stated that the project is in a Sensitive Resource Area and forms a scenic backdrop for the coast. The fence and "No Trespassing" signs would be prominent in the public view. The portion of the hillside over which the new Trail would be graded is underdeveloped. The grading, cutting, and filling, necessary to create the new Trail would mar the public view and materially change the area's scenic rural character.

The staff report also stated that the project is in a Geologic Study Area due to the steep slope and geologic instability. The grading for the new Trail would move approximately 1,260 cubic yards of dirt and produce cuts approximately five feet in height.

4

The area is known for geologic instability due to faults, landslides, and unconsolidated soils. The project is also in an Archaeological Sensitive Area. The permit appears to allow the Trail to be constructed on or adjacent to mapped archaeological resources.

The staff report points out that the McCarthys have no legal right to remove the Trail from their parcel. First, the easement grant limits the grantor's right to move the easement "to a location on Grantor's Property." The McCarthys have no right to move the easement to a different parcel. Second, the Commission's cease and desist order prohibits the McCarthys from interfering with the public's use of the existing Trail. The report also notes that the Trail has been heavily used by members of the public for over 50 years, and that the public has very likely acquired a prescriptive right to use the existing Trail that is independent of the express grant.

The Commission unanimously adopted the staff report and recommendations and denied a coastal development permit for the project.

*Petition[2] for Writ of Administrative Mandate*

The McCarthys petitioned for a writ of administrative mandate to order the commission to void its denial and grant the coastal development permit. The trial court denied the petition because the McCarthys have no legal right to move the easement to another parcel. The terms of the easement grant did not allow

---

[2] The petition was brought by Cave Landing, LLC, which is owned by the McCarthys. During the proceeding, they discovered that the McCarthy parcel had not been transferred to the LLC. The matter proceeded with the McCarthys as petitioners.

5

movement of the easement to another parcel, and the Commission's cease and desist order prevented interference with the existing Trail.

DISCUSSION

*I. Statutory Background*

The Coastal Act establishes a "coastal zone," defined by an official map and generally extending from the mean high tide line landward 1000 yards. (§ 30103, subd. (a).) Every city or county with jurisdiction over lands within the coastal zone is required to create a "local coastal program" to implement the provisions and policies of the Coastal Act. (§§ 30108.6; 30109.) The Coastal Act seeks to protect, maintain, enhance, and restore the quality of the coastal zone environment. (§ 30001.5, subd. (a).)

The local government must present its local coastal program to the Commission for approval. (§ 30513, subd. (a).) Once the local coastal program is certified by the Commission, all actions implementing the local coastal program are delegated to the local government. (§ 30519, subd. (a).)

A person wishing to undertake any development within the coastal zone must obtain a coastal development permit. (§ 30600, subd. (a).) The local government's action on the coastal development permit may be appealed to the Commission by the applicant, any aggrieved person or any two Commission members. (§ 30625, subd. (a).) On appeal the Commission considers the matter de novo. (§ 30621, subd. (a).) An aggrieved party has the right to judicial review of the Commission's decision by petition for writ of administrative mandate pursuant to Code of Civil Procedure section 1094.5. (§ 30801, subd. (a).) The inquiry under Code of Civil Procedure section 1094.5 is whether the Commission exceeded its jurisdiction or abused its

6

discretion.  (*Lindstrom v. California Coastal Com.* (2019) 40 Cal.App.5th 73, 93.)  An abuse of discretion occurs if the Commission's findings are not supported by substantial evidence. (*Ibid.*)

*II. Substantial Evidence*

Underlying the McCarthys' appeal is the unstated premise that the Commission is obligated to grant them a permit that exceeds their property rights.  To state the premise is to refute it. The McCarthys have no right to move the easement from their parcel or to interfere with the public use of the Trail on their land.  The express words of the easement grant limit movement of the Trail to the McCarthy parcel.  The Commission's cease and desist order prevents the McCarthys from interfering with the public's use of the existing Trail.  Either of those factors alone justifies the Commission's denial of the coastal development permit.

The Commission also found such factors as the project's impact on the public view, the geologic fragility of the area and the potential for the degradation of archaeological resources justified denial of the permit.  The trial court, however, did not rely on such factors to deny the petition, and the McCarthys do not challenge those findings on appeal.

The McCarthys argue that at the time of the easement grant San Miguelito Partners owned both the McCarthy parcel and the contiguous Palm Finance parcel.  But the easement grant describes only the McCarthy parcel.  The phrase "relocated . . . to a location on Grantor's Property" refers only to the McCarthy parcel– the only parcel involved in the grant.

The McCarthys argue that the Commission ignored that the project would take place in two phases.  First, the new Trail

7

would be constructed on the Palm Finance parcel and then dedicated to the County. Second, the County would quitclaim the existing Trail easement to the McCarthys. The McCarthys claim that somehow this would satisfy both "procedural barriers" to the coastal development permit.

But both phases are part of the same project for which it is undisputed a coastal development permit is necessary. Assuming the McCarthys have obtained the right from Palm Finance to construct a Trail across its parcel, the McCarthys have no right to move the easement from their parcel or demand that the County quitclaim the easement.

The McCarthys argue that the County is a party to the easement, but the Commission is not. It is the Commission, however, that has the ultimate authority to ensure that coastal development conforms to the policies in the Coastal Act and to ensure those policies prevail over the concerns of local government. (§ 30330; *San Diego Unified Port Dist. v. California Coastal Com.* (2018) 27 Cal.App.5th 1111, 1130.) Where the Commission has denied a coastal development permit, the County has no authority to proceed with the project.

Moreover, the McCarthys are subject to the Commission's cease and desist order that prevents them from interfering with the public's use of the existing Trail. The County has no authority to abrogate the Commission's order.

The McCarthys argue that the cease and desist order states in part that the McCarthys must "[c]ease and desist from engaging in any further development . . . on [their parcel], unless authorized pursuant to the Coastal Act . . . ." The McCarthys claim their project was authorized pursuant to the Coastal Act

8

when the County granted them a coastal development permit for construction of their family residence.

The McCarthys rely on section 30519, subdivision (a), which provides in part: "Except for appeals to the commission . . . after a local coastal program, or any portion thereof, has been certified and all implementing actions within the area affected have become effective, the development review authority . . . shall no longer be exercised by the commission over any new development proposed within the area to which the certified local coastal program, or any portion thereof, applies and shall at that time be delegated to the local government that is implementing the local coastal program or any portion thereof."

The McCarthys argue that because the local coastal program has been certified, the development review authority has been delegated to the County. The McCarthys ignore the first phrase of the subdivision, "[e]xcept for appeals to the commission . . . ." The Commission has de novo review authority over the County's grant of the permit. (§§ 30621, subd. (a); 30625, subd. (a).) Here because the Commission denied the McCarthys' permit on appeal, the development is not authorized pursuant to the Coastal Act.

DISPOSITION

The judgment is affirmed. Costs are awarded to the respondent.

CERTIFIED FOR PUBLICATION.


                                        GILBERT, P. J.

We concur:


        YEGAN, J.                    CODY, J.


9

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Gaines & Stacey, Fred Gaines and Alicia B. Bartley for Defendant and Appellant.

Rob Bonta, Attorney General, Daniel A. Olivas, Assistant Attorney General, Andrew M. Vogel, Assistant Deputy Attorney General, Justin J. Lee, Deputy Attorney General, for Plaintiff and Respondent.